IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANY ERNESTO REYES LOPEZ,

    *Petitioner*,

v.

PAMELA JO BONDI, *et al.*,

    *Respondents*.

Case No. 26-cv-0009-ABA

**MEMORANDUM OPINION AND ORDER**

    Petitioner Dany Ernesto Reyes Lopez alleges that he is a citizen of El Salvador who last entered the United States in or about 2009 and has lived in the country ever since. ECF No. 1 ¶ 16. On December 30, 2025, as he was on his way to work, Petitioner was detained by ICE officials. *Id.* ¶ 19. On January 2, 2026, Petitioner filed this action challenging his detention. *Id.* He contends that Respondents have improperly detained him under 8 U.S.C. § 1225, which should not apply to his detention. *Id.* ¶ 20. Therefore, the first question before the Court is whether Petitioner's detention is governed by 8 U.S.C. § 1225 or § 1226. 8 U.S.C. § 1225 provides for mandatory detention—without a bond hearing—in certain specified circumstances. Conversely, § 1226 provides for discretionary detention of a noncitizen who, "[o]n a warrant," was "arrested and detained" during the pendency of removal proceedings under § 1229a.

    On January 15, 2026, the Parties filed a joint notice providing that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in [*Bautista Villanueva v. Bondi, et al.*], No. 25-cv-4152-ABA, 2026 WL 100595 (D. Md. Jan. 14, 2026), and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, 2026 WL 92860, ECF Nos. 13, 14." ECF No. 7 at 1. Furthermore, the

1

notice provided that "as such, unless the Court prefers further briefing on that issue, the Parties submit that this Court should incorporate the Respondents' filings in *Bautista Villanueva* and *Villanueva Funes* into the record of this habeas action in lieu of further briefing." *Id.* at 2.

For the same reasons stated in *Bautista Villanueva*, 2026 WL 100595, Petitioner is not subject to mandatory detention under § 1225. Accordingly, for the same reasons stated in *Bautista Villanueva* and as requested in the Parties' Joint Notice, the Court is persuaded that the appropriate remedy for Respondents' statutory violation is an order that Petitioner receive a bond hearing within 10 days of this Order.

For these reasons, the Court hereby ORDERS as follows:

1. The Petition for Writ of Habeas Corpus is GRANTED IN PART and DENIED IN PART;

2. Petitioner is detained under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225;

3. Under 8 U.S.C. § 1226(a), Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19, & 1236.1(d);

4. Consistent with 8 C.F.R. § 236.1(d)(1), Petitioner shall file a request in Immigration Court seeking a bond hearing consistent with this Court's Order;

5. Petitioner shall be provided with a bond hearing within 10 days of the date of this Order;

6. Petitioner's bond hearing must be conducted by an Immigration Judge under 8 U.S.C. § 1226, and in accordance with 8 C.F.R. §§ 236.1(d), 1003.19, & 1236.1(d);

7. Any bond hearing must be conducted by an Immigration Court with jurisdiction, or with administrative control, over Petitioner's detention and need not be conducted in Baltimore or Hyattsville;

8. If bond is granted and Petitioner is released, nothing in this Order precludes ICE from imposing reasonable conditions of release;

9. If a bond hearing is not held before an Immigration Judge within 10 days of the date of this Order, Respondents shall RELEASE Petitioner from custody;

10. If Petitioner is released before having a bond hearing, nothing in this Order precludes ICE from imposing reasonable conditions of release, including a requirement that he appear at a bond hearing at Immigration Court in Maryland; and

11. The parties SHALL FILE a joint status report within 14 days of this Order.

Date: January 16, 2026

                                                                             /s/
                                          Adam B. Abelson
                                          United States District Judge